

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-28-2005

# Phillips v. Andrews

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3784

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Phillips v. Andrews" (2005). *2005 Decisions.* Paper 1301.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1301

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-3784
_____

VERONICA PHILLIPS

v.

RUPERTHA ANDREWS,
                    Appellant.

_____

On Appeal from the District Court of the Virgin Islands-Appellate Division
(D.C. Civil No. 00-cv-00096)
District Judge:  The Honorable Raymond L. Finch, Chief Judge
District Judge: The Honorable Thomas K. Moore
Territorial Judge: The Honorable Rhys S. Hodge

_____

Submitted Under Third Circuit LAR 34.1(a)
April 19, 2005

Before: NYGAARD, RENDELL, and SMITH, <u>Circuit</u> <u>Judges</u>.

(Filed: April 28, 2005)

_____

OPINION OF THE COURT

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Appellee Veronica Phillips filed this action with the Territorial Court of the Virgin Islands, alleging entitlement to damages incurred from Appellant Rupertha Andrews' improper disbursement of insurance proceeds. The Territorial Court held that Andrews' actions were proper based on the verbal grant of authority given by Phillips. The District Court of the Virgin Islands reversed. Andrews argues on appeal that the District Court of the Virgin Islands erred in its finding that she lacked authority and or agency to contract and pay for the repairs to Phillips' house. We will affirm.

I.

This appeal stems from an action for damages instituted by Appellee Veronica Phillips against Appellant, a local real estate agent. Andrews assisted Phillips in finding property on the island of St. Croix. Phillips executed a Special Power of Attorney which was effective until closing. Before the closing, the property was damaged by a hurricane. The seller, however, had insured the house and agreed to assign the insurance proceeds to Phillips to compensate her for the damage to the property. Before she received the insurance proceeds, Phillips executed a second Special Power of Attorney on December 29, 1995, authorizing Andrews to "receive any and all insurance proceeds/interests of

2

mine." On January 22, 1996, the insurance company issued its settlement check in the amount of $14,081.75 and Andrews, as agent for Phillips, collected the proceeds.

Wrigby Archibald[1] testified that Phillips asked him to repair her house and told him he would be paid by Andrews. He conceded that he never prepared an estimate, never agreed on a price for the repairs, and never entered into a written agreement with Phillips because he did not intend to do a "contract job" for her at a "fixed price." Archibald, a contractor for the last 25 to 30 years, conceded that this was not his regular practice. He never billed Phillips for any of the work and he does not know what the repairs actually cost nor could he produce any receipts. Phillips asserts that, although she talked to Archibald about repairing her home, they did not reach an agreement. Furthermore, Phillips asserts that when she returned to St. Croix the house was in the same condition in which she had left it.

The record contains a letter from Andrews to Phillips which provides: "I followed your instructions as requested of me by Janet[2] to "DEPOSIT YOUR INSURANCE CHECK, FOR REPAIRS TO YOUR PROPERTY IN MY ACCOUNT AND THEN GIVE ALL OF THE MONEY TO MR. ARCHIBALD IN ORDER FOR HIM TO DO THE REPAIRS." However, Janet testified that she gave Andrews no such authority. In

---

1. Mr. Archibald is Andrews' brother.

2. Janet Davis was Phillips' friend who also worked in Andrews' office.

3

her April 4, 1996 letter to Phillips, Andrews outlined the disbursements to Archibald totaling $14,081.75 as follows:

    Feb. 29, 1996    - $2,500
    March 6, 1996    - $3,000
    March 12, 1996  - $2,500
    March 15, 1996  - $  600
    March 22, 1996  - $2,500
    March 22, 1996  - $  500
    March 25, 1996  - $2,481.75

The summary did not indicate the specific purpose of those payments. Furthermore, some of those checks were written to Archibald and others were written to "Cash."

## II.

Phillips disputes that she ever orally extended authority to Andrews and she asserts that Andrews only had authority to *receive* the insurance proceeds from the insurance company. Andrews contends, however, that around the same time as the written power of attorney was executed, Phillips gave her an additional *oral* grant of authority to *expend* the insurance proceeds for the purpose of securing repairs to Phillips' home.

The Territorial Court of the Virgin Islands denied Phillips' requested relief, finding that while the written power of attorney did not address Andrews' authority to apply the insurance proceeds to repair the home, there was an oral grant of authority. The District Court of the Virgin Islands reversed the Territorial Court's decision and held that an oral authority granted contemporaneously with the written power of attorney could not modify the written authority. We agree and will affirm.

4

III.

An agency relationship is formed by the "manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other to so act." RESTATEMENT SECOND OF AGENCY § 15 (1981). An agent's authority may be created "by written or spoken words or other conduct of the principal which, reasonably interpreted, causes the agent to believe that the principal desires him so to act on the principal's account." *Id*. at § 26 and cmt. 6. Where the agent's authority is conferred through a writing, the court must look to the form and content of that writing in light of the circumstances, to ascertain whether the parties intended to constitute a complete and final expression of their agreement. *Id*. § 48.

The parol evidence rule precludes using extrinsic evidence of prior or contemporaneous agreements to extend or alter the authority granted in a writing. *Id*. at cmt. b. We said that:

> If [both an oral and written agreement] relate to the same subject matter, and are so interrelated that both would be executed at the same time and in the same contract, the scope of the . . . agreement must be taken to be covered by the writing.

*Mellon Bank Corp. v. First Union Real Estate Equity and Mortgage Inv.*, 951 F.2d 1399, 1405 n.6 (3d Cir. 1991).

In this instance, Phillips executed a two-page power of attorney, which provided in pertinent part:

5

> My agent shall have full power and authority to act on my behalf but only to the extent permitted by this Special Power of Attorney. My agent's powers shall include the power to:
>
> 1. Receive any and all insurance proceeds/interest of mine in real (sic) located at: plot No. 230 of Estate La Grange, West End Quarter, Frederiksted, St. Croix, V.I.

The written agreement clearly addressed the precise subject matter contested here—the scope of the agent's authority with regard to handling Phillips' insurance settlement—and limited Andrews' authority to that defined in the writing. The written power of attorney was executed on December 29, 1995 and Andrews asserts that the purported oral grant of authority was given during that same time period—sometime toward the end of December. The subjects of both agreements are so closely related, and the relationship in time is so close, that the scope of the written agreement must prevail. Moreover, according to the parol evidence rule, we are precluded from considering the oral evidence, since it alters the authority granted in the writing.

IV.

Therefore, the District Court correctly held that the trial court erred as a matter of law by giving legal effect to a contemporaneous oral agreement significantly expanding the scope of the agent's authority which was otherwise expressly defined in a writing. For the foregoing reasons, we will affirm.